IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2022

**BILLY GENE DEBOW v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Hickman County
No. 21-CV-1 Michael E. Spitzer, Judge**

_____

**No. M2021-00471-CCA-R3-HC**

_____

The Petitioner, Billy Gene DeBow, appeals the Hickman County Circuit Court's summary dismissal of his pro se petition seeking habeas corpus relief from his first-degree murder conviction. On appeal, the Petitioner argues that the habeas corpus court abused its discretion by dismissing his petition without ruling on the merits of his claims and that he is entitled to habeas corpus relief[1] because his judgment is void and his sentence is illegal. Upon review, we affirm the judgment summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Billy Gene DeBow, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Kim R. Helper, District Attorney General; and, Sallie Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In 1999, a Sumner County Criminal Court jury convicted the Petitioner of first-degree premeditated murder, and the accompanying judgment reflected, in error, that he received a sentence of life without parole. While the motion for new trial was pending, an amended judgment was entered reflecting that the Petitioner was sentenced to life imprisonment. Billy Gene DeBow v. State, No. M2008-00580-CCA-R3-PC, 2009 WL

---

[1] The Petitioner also contended his sentence was illegal under Rule 36.1 of the Tennessee Rules of Criminal Procedure in his petition for writ of habeas corpus but did not raise this issue on appeal; accordingly, we decline to address it herein.

605091, at *1 (Tenn. Crim. App. Mar. 10, 2009) ("DeBow II") (appeal affirming denial of motion to re-open post-conviction). On direct appeal, this court fully addressed each of the nine issues raised by the Petitioner and ultimately upheld his conviction and sentence. See State v. Billy Gene DeBow, Sr., No. M1999-02678-CCA-R3-CD, 2000 WL 1137465 at *1 (Tenn. Crim. App. Aug. 2, 2000), perm. app. denied (Tenn. Mar. 12, 2001) ("DeBow I"). The Petitioner filed a timely but unsuccessful petition for post-conviction relief, and, seven years later, after post-conviction counsel failed to timely perfect an appeal of the denial of post-conviction relief, the Petitioner filed a motion to reopen his petition or, in the alternative, to procure a delayed appeal of the denial of post-conviction relief. DeBow II, 2009 WL 605091, at *1. This court dismissed the Petitioner's untimely appeal of the motion to reopen, finding that the interest of justice did not require waiver of the untimely filing of the appeal. Id. In June 2013, the Petitioner moved the trial court to correct the judgment to reflect the appropriate award of pretrial jail credits, and the trial court granted the Petitioner's motion and entered a second amended judgment on July 1, 2013. See DeBow v. State, No. M2016-00753-CCA-R3-HC, 2016 WL 6247428, at *1 (Tenn. Crim. App. Oct. 26, 2016) ("DeBow III") (affirming summary dismissal of petition for habeas corpus relief).

In DeBow III, the Petitioner appealed the summary dismissal of his petition for writ of habeas corpus, alleging that the first amended judgment filed on June 28, 1999, was void "because the trial court lacked jurisdiction to change the Petitioner's sentence . . . [or] to amend the judgment after it had become final." DeBow III, 2016 WL 6247428, at *1. This court observed that the habeas corpus court summarily denied the petition, finding that "[t]he records in this case reflect that there was an error on the first judgment entered, as 'life without parole' was the sentence that was reflected. That judgment was amended and filed with the trial court on June 28, 1999, to reflect the sentence of 'Life.'" The habeas corpus court also observed that the challenged June 28, 1999 judgment had been superseded by the second amended judgment filed on July 1, 2013, which also reflected a sentence of life imprisonment. Id. at *3. In DeBow III, this court ultimately dismissed the appeal as untimely and concluded that the interest of justice did not require a waiver of the timely filing of the notice of appeal because the Petitioner had failed to file his habeas corpus petition in the most convenient court and because the judgment was not void. Id. at *2; see also Tenn. Code Ann. § 29-21-105 (requiring petitions for writ of habeas corpus to be filed in the court "most convenient in point of distance to the applicant, unless a sufficient reason be given").

On January 21, 2021, the Petitioner filed yet another petition for writ of habeas corpus asserting various grounds for relief.[2] In the Petitioner's twenty-one page, hand-

_____

[2] Based on the record provided in the instant appeal, it is unclear as to whether this is the Petitioner's second habeas corpus petition. His petition states simultaneously that "the legality of his restraint has not

- 2 -

written petition, he claimed, in relevant part, that his sentence was illegal and void because (1) the "convicting court was without probable cause to even indict, sentence or convict the petitioner"; (2) under the Fourth and Sixth Amendments of the United States Constitution, the petitioner was adversely affected by clear prejudice in the judicial process based on ineffective assistance of counsel, improper discrimination in jury selection, improper jury instructions; (3) the judgment is void on its face because it "does not run in the name of the State of Tennessee," and (4) the trial court did not have authority to amend the original judgment from 1999. He also alleged various constitutional and evidentiary errors at trial. The Petitioner also attached a letter to his petition which was addressed to the habeas corpus court. The Petitioner advised the habeas court that "upon transfer to another facility a small bag of my property was lost and never recovered, which contained my copy of the original appeal of the delayed appeal proceedings." The Petitioner asserted this was a "legitimate explanation" as to why these documents were not attached to the petition and requested the court to allow the petition to proceed.

On February 24, 2021, the State filed a motion to dismiss the petition, alleging the Petitioner's application did not satisfy statutory procedural requirements, thoroughly addressing each of the Petitioner's claims, and arguing none of the Petitioner's claims merit relief. The State first argued that, based on the Petitioner's assertion "that one of his prior petitions was lost when he changed prisons," the Petitioner failed to follow the procedural requirements for habeas corpus relief. In response to the Petitioner's claim that "the trial court should have submitted his sentencing to the jury so they could have considered imposing the death penalty or life without parole, instead of the court automatically imposing a life sentence after the jury's verdict," the State relied upon Tennessee Code Section 39-13-208(c), which requires a bifurcated sentencing hearing only when the State seeks death or life without parole. The State pointed out that no statute was violated in the Petitioner's case because the record attached to the Petitioner's appeal contains no notice from the State indicating an intent to seek death or life without parole. The State further asserted that none of the Petitioner's evidentiary, constitutional, or ineffective assistance of counsel claims, including the denial of a preliminary hearing or recording thereof and the right to counsel, were cognizable in habeas corpus law. In response to the Petitioner's claim that his judgment was void because it did not "run in the name of the State of Tennessee," the State noted that this requirement only pertained to original process, not judgments. Finally, the State argued that the Petitioner's claim that the trial court was without jurisdiction to amend his original 1999 judgment had already been addressed and dismissed by this court in a previous petition.

---

been previously adjudicated" and that "this is his fifth (5th) application for petition of writ of habeas corpus relief in the state court." Although the Petitioner asserts that copies of these petitions were attached to his petition, no such copies were attached. We do acknowledge multiple habeas corpus petitions in the supplemental record.

On March 12, 2021, the Petitioner filed a motion in opposition to the State's motion to dismiss. In relevant part, the Petitioner insisted he complied with the mandatory requirements of habeas corpus law, attached "every previous petition for habeas corpus relief," and "the two (2) things that were not annexed, satisfactory reason was given for failure to do so." On April 9, 2021, the habeas corpus court granted the State's motion to dismiss the habeas corpus petition. The habeas corpus court determined that the Petitioner had failed to comply with the strict requirements of habeas petitions by failing to attach "all of his prior petitions" and that the Petitioner's claims either lacked merit, were not cognizable, or had been previously determined. On April 26, 2021, the Petitioner filed a motion to reconsider, which was subsequently denied. The Petitioner then filed a document that was interpreted by this court as a timely notice of appeal on May 3, 2021. We now consider the issues presented in this appeal.

## ANALYSIS

On appeal, the Petitioner argues the habeas court abused its discretion by dismissing his petition for writ of habeas corpus without ruling on the merits of his claims. In response, the State argues the habeas court's dismissal was proper because the Petitioner (1) failed to attach all copies of his prior petitions as required by Tennessee Code Annotated section 29-21-107(b)(4) and (2) failed to allege any claims meriting relief. We agree with the State and conclude that summary dismissal was proper.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83

(citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the conviction is void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259. Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b).  Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."  Id. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008) ("[I]f a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient.").  "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements."  Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

We will first address the State's contention that the Petitioner failed to follow the mandatory procedural requirement of Tennessee Code Annotated section 29-21-107(b)(4), requiring habeas corpus petitions to state "[t]hat it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced or satisfactory reasons be given for the failure so to do."  In the instant case, the Petitioner asserts that the current petition is his fifth petition for the writ of habeas corpus in state court.[3]  As previously noted, it does not appear that the Petitioner attached all of his prior habeas corpus petitions to the current petition.  However, the supplemental record on appeal contains the Petitioner's prior petitions.  The State's argument, that the habeas court properly dismissed the petition for failure to conform to section 29-21-107(b)(4), appears to be based on the Petitioner's acknowledgment in his letter to the habeas court that upon transfer to another facility his "delayed appeal" paperwork was lost.  See Goines v. State, No. 2004-03018-CCA-R3-HC, 2005 WL 1798635, at *1 (Tenn. Crim. App. July 29, 2005 (holding that a failure to provide prior petitions because "property has been lost" was insufficient to excuse compliance).  In response, the Petitioner argues that section 29-21-107(b)(4)'s requirement to produce prior petitions "only gives reference to past applications of habeas corpus," which he satisfied by attaching all of his prior habeas corpus petitions.  We agree with the Petitioner and conclude that the procedural requirement of section 29-21-107(b)(4) was satisfied in this case.

---

[3] All four prior petitions were denied, only one of which was appealed.  See DeBow III, 2016 WL 6247428, at *3.  In addition to his state petitions, the Petitioner attempted to file three petitions for writ of habeas corpus relief in federal court under 28 U.S.C. § 2254 (governing "application[s] for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").  The first petition was dismissed as time-barred, and his motions to file the next two petitions as successive petitions under 28 U.S.C. § 2244 were denied.

Nonetheless, the habeas corpus court properly dismissed the petition on the basis that the Petitioner's claims "lack merit, are not cognizable, or have been previously determined." Despite the Petitioner's claim to the contrary, this determination constituted a ruling on the merits of the petition. First, the Petitioner alleges his sentence is illegal because the trial court did not have the authority to sentence him to life imprisonment following his first-degree murder conviction. He claims the trial court violated Tennessee Code Annotated section 39-13-204 by sentencing him and this statute required the trial court to conduct a separate sentencing hearing to allow the jury to determine his sentence. See Tenn. Code Ann. § 39-13-204(a) ("should the jury find the defendant guilty of first-degree murder [the court] shall not fix punishment as part of the verdict, but the jury shall fix the punishment in a separate sentencing hearing to determine whether the defendant shall be sentenced to death, to imprisonment for life without possibility of parole, or to imprisonment for life"). However, section 39-13-204(a) only applies when the State files a notice of intent to seek life imprisonment without the possibility of parole or the death penalty. If a notice is not filed, the "trial court does not lose jurisdiction . . . but instead is required to sentence a defendant found guilty of first-degree murder to life imprisonment." Tipton v. State, No. M2011-00190-CCA-R3-HC, 2011 WL 6291811, at *4 (Tenn. Crim. App. Dec. 13, 2011), perm app. denied (Tenn. April 12, 2012) (citing Tenn. Code Ann. § 39-13-208(c) (requiring the court to impose a sentence of life imprisonment when notice is not filed)). The State did not file a notice of intent to seek life imprisonment without the possibility of parole or the death penalty in the instant case. Consequently, the trial court did not violate any statute by imposing a sentence of life imprisonment; rather it complied with the statutory requirements of section 39-13-208(c). Accordingly, the Petitioner is not entitled to relief as to this claim.

Next, the Petitioner claims his judgment is void upon its face because it does not "run in the name of the State of Tennessee" but rather runs in the name of the "Criminal Court for Sumner County," violating article VI, section 12 of the Tennessee Constitution. Article VI, section 12 states, in relevant part, that "[a]ll writs and other process shall run in the name of the State of Tennessee and bear test and be signed by the respective clerks." Tenn. Const. art. VI, § 12. However, "[a] judgment is not a writ or process as contemplated by Article VI, Section 12 of the Tennessee Constitution. Accordingly, the form of a judgment is not dictated by Article VI, Section 12 of the Constitution," and it is not required that a judgment "run in the name of the State of Tennessee." White v. State, No. M2003-02833-CCA-R3-HC, 2004 WL 2387508, at *2 (Tenn. Crim. App. Oct. 26, 2004), perm. app. denied (Jan. 31, 2005). The Petitioner is not entitled to relief as to this claim.

The Petitioner also reasserts his claim that he is entitled to habeas corpus relief because the trial court was without jurisdiction to amend his original judgment and change his sentence from "life without parole" to "life imprisonment," rendering the amended judgment void. In DeBow III, this court addressed and rejected the same claim. DeBow

III, 2016 WL 6247428, at *2-3 (finding that the trial court retained jurisdiction over the case because a motion for new trial was pending and because a trial court retains authority to correct clerical errors in a judgment at any time). As this claim has been previously determined by this court, we will not reconsider it here. See Memphis Pub. Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998).

The Petitioner also raises various claims of constitutional and evidentiary errors. Specifically, he claims (1) he was denied "due process of law" because the State did not afford him a preliminary hearing, (2) he received ineffective assistance of counsel, (3) there was improper discrimination in the jury selection, (4) the trial judge impermissibly commented on the possible penalties, (5) there was clear prejudice concerning the jury instructions given, (6) a diagram of the crime scene was improperly admitted as evidence, and (7) evidence submitted at trial was obtained through an illegal search and seizure.

We first note that only two of these claims have not been previously determined by this court in prior appeals: that the Petitioner was denied a preliminary hearing[4] and that law enforcement obtained evidence through an illegal search and seizure. Neither of these claims are cognizable under habeas corpus relief because they would require proof beyond the face of the judgment or record, rendering the Petitioner's conviction merely voidable, not void. See Maurice Garrett v. State, No. W2009-01201-CCA-R3-CO, 2010 WL 27893, at *4 (Tenn. Crim. App. Jan. 7, 2010) (denial of preliminary hearing merely renders conviction voidable, not void, and is, therefore, not a ground for habeas corpus relief), perm. to appeal denied, (Tenn. May 12, 2010); see also Brown v. State, No. W2005-01871-CCA-R3-HC, 2006 WL 962796, at *2 (Tenn. Crim. App. April 13, 2006) ("an allegation that evidence was unlawfully obtained in violation of the Fourth Amendment would merely render such judgment voidable, not void").

The Petitioner's remaining claims have all been previously determined by this court either on direct appeal or in the Petitioner's appeal from the trial court's denial of his motion to reopen his post-conviction petition. DeBow I, 2000 WL 1137465, at *1 (finding that there was improper discrimination during the jury selection process but that it constituted harmless error and that there was no merit to the Petitioner's claims concerning the trial court's comments on the potential penalties, the jury instructions, or the admission of evidence); DeBow II, 2009 WL 605091, at *2 (finding the issues raised in his post-conviction petition, including his claim that his post-conviction counsel was ineffective, had no merit). Moreover, these claims are not cognizable under habeas corpus law because

---

[4] The only reference to a preliminary hearing in the record is a 2019 letter from a General Sessions Judge to the Petitioner stating, "Our office is unable to locate the recording of the Preliminary Hearing on March 4, 1998." The State contends this letter is evidence that the Petitioner was afforded a preliminary hearing.

they would require proof beyond the face of the record or judgment, rendering the judgment voidable rather than void.  See Archer, 851 S.W.2d at 161-64.

Upon review, the Petitioner has not provided any cognizable claims establishing that the trial court's judgment is void or that his sentence has expired.  Accordingly, the habeas corpus court's summary dismissal of the petition for habeas corpus relief was proper.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

_____
CAMILLE R. MCMULLEN, JUDGE